

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT L. GRAHAM,

        Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,

        Respondent.

No. 21-70964

Federal Aviation Admin

MEMORANDUM*

On Petition for Review of an Order of the
Federal Aviation Administration

Argued and Submitted May 13, 2022
San Francisco, California

Before:  W. FLETCHER and KOH, Circuit Judges, and KANE,** District Judge.

Petitioner Robert L. Graham seeks review of a letter ("No-Action Letter")

issued by the Federal Aviation Administration ("FAA") stating that the FAA

decided not to take any enforcement action against him.  As the parties are familiar

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

with the facts, we do not recount them here. We have jurisdiction under 49 U.S.C. § 46110.

We review FAA final orders under the standards set forth in the Administrative Procedure Act, and we "set aside . . . any agency finding [we] determine[] to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Reno v. NTSB*, 45 F.3d 1375, 1377 (9th Cir. 1995) (citing 5 U.S.C. § 706(2)(A); *Hughes Air Corp. v. CAB*, 482 F.2d 143 (9th Cir. 1973)). "Purely legal issues are reviewable de novo." *Id.* (citing *Go Leasing, Inc. v. NTSB*, 800 F.2d 1514, 1517 (9th Cir. 1986)). We deny Graham's petition for review.

We assume without deciding that Graham's petition is timely. "Review under the arbitrary and capricious standard is narrow, and we do not substitute our judgment for that of the agency." *Barnes v. U.S. Dep't of Transp.*, 655 F.3d 1124, 1132 (9th Cir. 2011). "An agency decision will be upheld as long as there is a rational connection between the facts found and the conclusions made." *Id.* (citing *Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, 565 F.3d 545, 554 (9th Cir. 2009)). The FAA did not revoke Graham's airman certificate. The No-Action Letter's conclusion that the regulations require that Graham complete the Substance Abuse Professional ("SAP") evaluation process is not arbitrary or

2

capricious.  The medical review officer ("MRO") of Graham's employer, SimCom

International ("SimCom"), determined that Graham submitted an adulterated urine

sample.  Under 49 C.F.R. § 40.191(b), "if the MRO reports that [the employee]

ha[s] a verified adulterated or substituted test result, [the employee has] refused to

take a drug test."  Under 49 C.F.R. § 40.285, after "a refusal to test (including by

adulterating or substituting a urine specimen)," employees "cannot again perform

any [Department of Transportation] safety-sensitive duties for any employer until

and unless [they] complete the SAP evaluation, referral, and education/treatment

process."  There is thus a rational connection between the facts found (SimCom's

report of the MRO's finding that Graham submitted an adulterated sample) and the

agency's decision (that the regulations require Graham to complete the SAP

evaluation process).

The FAA did not violate Graham's constitutional due process rights.  "To be

entitled to procedural due process, a party must show a liberty or property interest

in the benefit for which protection is sought."  *Greenwood v. FAA*, 28 F.3d 971,

975 (9th Cir. 1994) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480–81 (1972)).

"A person's liberty interest is implicated if a charge impairs his reputation for

honesty or morality . . . [, and] 'there is some public disclosure of the charge . . . .'"

*Erickson v. United States ex rel. Dep't of Health & Hum. Servs.*, 67 F.3d 858, 862

3

(9th Cir. 1995) (quoting *Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 773,44 777–78 (9th Cir. 1982)). There is no public disclosure of the FAA's investigation. Further, "the liberty interest in pursuing one's chosen profession has been recognized only in cases where (1) a plaintiff challenges the rationality of government regulations on entry into a particular profession, or (2) a state seeks permanently to bar an individual from public employment." *Guzman v. Shewry*, 552 F.3d 941, 954 (9th Cir. 2009) (citation omitted). Graham's interest in performing safety-sensitive functions without completing the SAP evaluation process does not fit into either category. The FAA thus did not violate Graham's constitutional due process rights.

**PETITION DENIED.**